UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMIE BOOKER,
        Plaintiff,

        v.                            CASE NO:  3:14cv1232 (AWT)

FEDERAL BUREAU OF PRISONS
NURSE SMITH,
        Defendants.

**RULING AND ORDER**

On August 14, 2014, the plaintiff, Jamie Booker, who is currently confined at the Metropolitan Detention Center in Brooklyn, New York, filed this civil action against the Federal Bureau of Prisons and Nurse Smith in the United States District Court for the Eastern District of New York.  On August 25, 2014, the United States District Court for the Eastern District of New York transferred this action to this District pursuant to 28 U.S.C. § 1406(a).

The plaintiff asserts that on October 3, 2012, she arrived at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury").  In January 2014, she developed an itchy bump on her left leg.  A physician's aide indicated that it was nothing to worry about.  The next day, the bump began to burn and the aide prescribed hot compresses.  The bump became a lesion and puss discharged from it.

Nurse Smith indicated that the sore was not large enough in diameter to treat.  She gave the plaintiff gauze to cover the sore.

The plaintiff continued to feel a burning sensation in her left leg until the second week of February.  On March 18, 2014, prison officials at FCI Danbury transferred the plaintiff to the Federal Detention Center in Philadelphia ("FDC Philadelphia").

The plaintiff developed a second lesion on her left leg which quickly grew larger in size.  A nurse at FDC Philadelphia refused to treat the second bump until she learned that the plaintiff had experienced a similar lesion which had never been tested.  A week later, a sample was taken of the second lesion.  In April 2014, medical staff prescribed an antibiotic to treat the lesion.  When the medication did not improve the plaintiff's condition, medical staff prescribed two other medications.  During the last week in May, medical staff informed the plaintiff that she suffered from a Methicillin-Resistant Staphylococcus Aureus ("MRSA") infection.

On June 12, 2014, prison officials at FDC Philadelphia discharged the plaintiff to a halfway house.  Prior to her discharge, medical staff did not educate the plaintiff about her condition or suggest that she should seek further medical treatment.  The plaintiff did not immediately follow-up with a physician with respect to the MRSA infection.

The plaintiff believes that she contracted MRSA from another inmate at FCI Danbury.  She claims that medical staff at FCI Danbury should have known she had developed MRSA and should have treated it properly.  The plaintiff seeks monetary compensation.

The plaintiff has filed this action pursuant to 42 U.S.C. § 1983.  As the only defendants are a federal agency and a federal medical employee, the court construes the action as having been filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*").  In *Bivens*, the Supreme Court held that federal officials may be sued for damages in their individual capacities for the violations of a person's constitutional rights.  Thus, a *Bivens* action is the nonstatutory federal counterpart of a civil rights action pursuant to 42 U.S.C. § 1983.  *See Ellis v. Blum*, 643 F.2d 68, 84 (2d Cir. 1981).

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a <u>pro</u> <u>se</u> complaint, the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)

**I.   <u>Bivens</u>**

A lawsuit against a federal official in his official capacity or a federal agency in its official capacity is considered a lawsuit against the United States.  *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d at 509-10.  The doctrine of sovereign immunity protects the United States from suit absent consent.  *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  "Because an action against a federal agency or federal officials in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived." *Robinson*, 21 F.3d at 510 (citations omitted).

The plaintiff seeks monetary damages from the Bureau of

Prisons and Nurse Smith in their official capacities.  The defendants have not consented to be sued in their official capacities.  All claims against the Bureau of Prisons and Nurse Smith in their official capacities for monetary damages are dismissed on the grounds of sovereign immunity.  *See* 28 U.S.C. § 1915A(b)(2); *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) (*Bivens* claim may be brought against "offending individual officer" in his or her individual capacity, but not against the Bureau of Prisons, the United States or the individual officer in his or her official capacity).

The plaintiff asserts that the Bureau of Prisons and Nurse Smith were negligent in failing to properly diagnose and treat the first lesion, which the plaintiff claims was a MRSA infection.  The plaintiff concedes, however, that there were no test results to suggest the first lesion was in fact a MRSA infection.  The plaintiff contends that MRSA stays in a person's blood and can weaken a person's heart.  She is worried that she may not be able to fight off the infection in the future.

Inadvertent or negligent conduct which causes injury does not support a *Bivens* action.  *See Schweiker v. Chilicky*, 487 U.S. 412, 447 (1988) ("to prevail in any *Bivens* action, recipients such as respondents must both prove a deliberate abuse of governmental power rather than mere negligence) (citing *Daniels v. Williams*, 474 U.S. 327, 330-36 (1986)); *Davidson v. Cannon*, 474 U.S. 344, 347

5

(1986) ("Due Process clause of the Fourteenth Amendment is not implicated by lack of due care of an official causing unintended injury to life, liberty or property").  Accordingly, the claim of negligent conduct on the part of the Bureau of Prisons and Nurse Smith is being dismissed as lacking an arguable legal basis.  <u>See</u> 28 U.S.C. § 1915A(b)(1).

## II.  <u>Federal Tort Claims Act</u>

The Federal Tort Claims Act ("FTCA") "waives the sovereign immunity of the federal government for claims based on the negligence of its employees."  *Coulthurst v. United States*, 214 F.3d 106, 108 (2d Cir. 2000).  Specifically, the Federal Tort Claims Act authorizes suits against the government to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(2).

The United States is the only proper party in a suit seeking monetary damages for torts committed by federal employees.  <u>See</u> 28 U.S.C. 2674; *Mignogna v. Sair Aviation, Inc.*, 937 F.2d 37, 40 (2d Cir. 1991) (stating that an action under the FTCA "must be brought against the United States rather than an agency thereof"); *C.P.*

*Chem. Co., Inc. v. United States*, 810 F.2d 34, 37 n. 1 (2d. Cir. 1987) ("[O]nly the United States may be held liable for torts committed by a federal agency, and not the agency itself.")  The caption of the complaint does not include the United States as a defendant.  Because the plaintiff does not name the United States as a party to this action, the court does not have jurisdiction under the FTCA to decide the claims against defendant Federal Bureau of Prisons.

In addition, an FTCA claim against the United States may not be asserted in the United States District Court unless the plaintiff has first exhausted his or her administrative remedies. Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. 2675(a).  There are no allegations to suggest that the plaintiff has exhausted her FTCA claim prior to filing this action.

7

Accordingly, the court will not construe this action as having been filed pursuant to the FTCA.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The *Bivens* claims against the defendants are hereby **DISMISSED.**  <u>See</u> to 28 U.S.C. § 1915A(b)(1).  If the plaintiff chooses to appeal this decision, she may not do so *in forma pauperis*, because such an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3).  The Clerk is directed to enter judgment for the defendants and close this case.

(2)  If the plaintiff seeks to pursue her FTCA claim at this time, the court will permit her thirty days to file a motion to reopen the judgment and an amended complaint naming the United States as the only defendant and describing her attempts to exhaust such a claim.

It is so ordered.

Signed this 22nd day of January 2015, at Hartford, Connecticut.

_____
/s/AWT
Alvin W. Thompson
United States District Judge
